2006R00748/am

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :     Hon.

        v.                    :     Criminal Number: *09-941*

JOSEPH W. LAFORTE          :     18 U.S.C. § 371

## I N F O R M A T I O N
### (Conspiracy to Operate an Illegal Gambling Business)

The defendant having waived in open court prosecution by Indictment and any challenges based on venue, the United States Attorney for the District of New Jersey charges:

### Background

1.     At various times relevant to this Information:

     a.     Defendant JOSEPH W. LAFORTE (hereinafter "LAFORTE") was a resident of Staten Island, New York and a principal of a mortgage company with offices located in Florida (hereinafter "Mortgage Company").

     b.     Co-Conspirator One, a co-conspirator not named as a defendant herein, was a resident of Staten Island, New York and the brother of defendant LAFORTE.

     c.     Co-Conspirator Two, a co-conspirator not named as a defendant herein, was an associate of both defendant LAFORTE and Co-Conspirator One.

## The Conspiracy

2.    From in or about late 2005 to in or about early 2006,
in the District of New Jersey and elsewhere, including New York
and Florida, defendant

JOSEPH W. LAFORTE

knowingly and intentionally conspired and agreed with Co-
Conspirator One, Co-Conspirator Two, and others to commit an
offense against the United States, that is, to conduct, finance,
manage, supervise, direct, and own all and part of an illegal
gambling business that (a) was in violation of New York Penal Law
Sections 225.00 and 225.05, (b) involved five or more persons who
conducted, financed, managed, supervised, directed, and owned all
and part of such business, and (c) was in substantially
continuous operation for a period in excess of thirty days and
had a gross revenue of more than $2,000 in any single day,
contrary to Title 18, United States Code, Section 1955.

## Object of the Conspiracy

3.    The object of the conspiracy was for defendant LAFORTE
and his co-conspirators to profit through the operation of an
illegal gambling business.

## Manner and Means of the Conspiracy

4.    It was part of the conspiracy that defendant LAFORTE and his co-conspirators would direct bettors, including employees of the Mortgage Company, to place bets through an Internet gambling site located outside of the United States.

5.    It was further part of the conspiracy that Co-Conspirator Two would travel between Staten Island, New York and Florida to collect gambling payments from bettors and to make cash pay outs to bettors who had placed bets through the Internet gambling site.

6.    It was further part of the conspiracy that Co-Conspirator Two would cash checks, representing payments from bettors, at various banks and check cashing businesses located in New York.

7.    It was further part of the conspiracy that defendant LAFORTE and his co-conspirators, including the co-conspirators maintaining the offshore gambling site, would share in the profits derived from the illegal gambling business.

## Overt Acts

8.     In furtherance of the conspiracy and to effect the unlawful object thereof, defendant LAFORTE and his co-conspirators committed and caused to be committed the following overt acts, among others, in the District of New Jersey and elsewhere:

a.     In or about the fall of 2005, in Florida, defendant LAFORTE gave a bettor (hereinafter "Bettor One") an Internet gambling website, username, and password so Bettor One could place wagers on sporting events.

b.     On or about September 3, 2005, Co-Conspirator One cashed a $9,500 check against a bank account he controlled, which check was issued by Bettor One in Florida and represented payment for gambling losses.

c.     On or about September 5, 2005, Co-Conspirator Two cashed a $9,000 check at a check cashing business in Staten Island, New York, which check was issued by Bettor One in Florida and represented payment for gambling losses.

d.     On or about September 27, 2005, Co-Conspirator Two cashed a $7,000 check that was processed by a bank in New Jersey, which check was issued by Bettor One in Florida and represented payment for gambling losses.

All in violation of Title 18, United States Code, Section

371.

PAUL J. FISHMAN
United States Attorney

CASE NUMBER: _____

## United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

JOSEPH W. LAFORTE

# INFORMATION FOR

Title 18, United States Code, Section 371

PAUL J. FISHMAN
U.S. ATTORNEY NEWARK, NEW JERSEY

ANTHONY MOSCATO
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2752